IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KHALID CALDWELL SAT**,

    Plaintiff,

v.

**MIKE SCHMITE,[1] NIKOLAS MATIATOS, and MARISA FONSECA**

    Defendants.

Case No. 3:23-cv-1546-SI

**ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Khalid Caldwell Sat, representing himself, brings this case against Multnomah County District Attorney Mike Schmidt, Deputy District Attorney Nikolas Matiatos, and Operations Supervisor Marisa Fonseca (collectively, Defendants). Plaintiff brings claims under 42 U.S.C. § 1983 for alleged violations of his First Amendment and Fourth Amendment

---

[1] Plaintiff misspells Defendant Schmidt's name as "Schmite" in the case caption. The Court uses the correct spelling in this Order and directs the Court Clerk to correct the caption.

PAGE 1 – ORDER

rights. Before the Court is Defendants' Motion for Judgment on the Pleadings. For the reasons stated below, the Court finds that even under the liberal pleading standards afforded a self-represented (or *pro se*) litigant, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court grants Defendants' motion, but allows Plaintiff the opportunity to amend his Complaint.

## STANDARDS

### A. Motion for Judgment on the Pleadings Under Rule 12(c)

A motion for judgment on the pleadings is brought under Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)). Thus, in a Rule 12(c) motion a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Dismissal for failure to state a claim under Rule 12(b)(6) "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In addition, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also United States ex rel. Cafasso v.*

PAGE 2 – ORDER

*Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (*Iqbal* standard applies to review of Rule 12(c) motions).

"[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend and to simply grant dismissal of the action instead of entry of judgment." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citation omitted). Indeed, in *Harris v. County of Orange*, the Ninth Circuit affirmed a district court's dismissal under Rule 12(c) but reversed for failing to grant leave to amend. 682 F.3d 1126, 1131, 1134-35 (9th Cir. 2012). Under Rule 15(a), courts should "freely" grant leave to amend "when justice so requires," *i.e.*, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). A court should grant leave to amend "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation marks omitted).

**B.  *Pro Se* Pleading Standard**

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016)

PAGE 3 – ORDER

(alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007)).

## BACKGROUND[2]

Plaintiff alleges that he was the victim of an "accident and assault" that caused him mental health issues and damaged his personal property and that gave rise to a criminal case currently being prosecuted by Deputy District Attorney Matiatos. Compl. (ECF 1) at 4. Plaintiff's claims arise from alleged events relating to his efforts to communicate with Matiatos and District Attorney Mike Schmidt. Plaintiff states that he attempted contact Matiatos, but Matiatos refused to speak with Plaintiff. *Id.* Plaintiff also indicates that he has attempted to contact District Attorney Mike Schmidt about the criminal case: Plaintiff alleges that Schmidt "do[es]n't want to hear [Plaintiff] or talk with [him]." *Id.* Plaintiff further alleges that when he called the District Attorney's Office to speak with a District Attorney (presumably Matiatos) about the criminal case, Fonseca lied to Plaintiff about the case, after which Plaintiff complained to the District Attorney's office about Fonseca. *Id.* According to Plaintiff, when he called to speak with someone at the District Attorney's office, Fonseca directed him to communicate with the office only in writing. *Id.* Plaintiff also states that he went to the Justice Center (which houses the Multnomah County Sheriff's Office) and that Fonseca "called [Sheriffs] on [him] to leave [the] Justice Center." *Id.*

---

[2] In his response to Defendant's motion, Plaintiff asserts additional facts. The Court does not consider those facts in ruling on Defendants' motion. *See infra* note 4.

PAGE 4 – ORDER

Plaintiff alleges that as a result of some or all of the above events, he had a mental health breakdown and has called a suicide hotline. *Id.* at 5. He also states that he is "suffering and living in pain" because his "freedom [was] tak[en] from [him] by [Fonseca]." *Id.* Plaintiff asks the Court to "give [him his] rights back," including his First Amendment rights, and to "hold[] [Defendants] accountable." He also seeks money damages for his pain and suffering, including for emotional distress. *Id.*

## ANALYSIS

### A. First Amendment Claim Under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The First Amendment forbids government actors from "abridging the freedom of speech." U.S. Const. amend. I. Government officials may violate an individual's First Amendment rights if they retaliate against the individual for engaging in protected speech. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). To state a claim for First Amendment retaliation, a plaintiff must allege:

> (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

*Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016) (quotation marks omitted).

Plaintiff has not identified a constitutionally protected activity in which he engaged and for which any Defendant subjected him to an adverse action. Defendants argue—and Plaintiff does not dispute—that there is no constitutional right to speak to a prosecuting attorney, nor does Plaintiff allege any act by Matiatos or Schmidt that interfered with Plaintiff's speech. Plaintiff

PAGE 5 – ORDER

also does not allege that any Defendant prevented him from communicating with anyone in the District Attorney's office: Plaintiff alleges only that Fonseca told Plaintiff to communicate only in writing.

The Court is aware of no authority suggesting that speaking to a prosecuting attorney is a constitutionally protected activity—even if the person wishing to speak to the attorney is the victim of a crime that the attorney is prosecuting. In addition, even if Plaintiff had such a constitutional right, he has not alleged facts showing a violation of that purported right. As the Supreme Court has explained, "the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981). Plaintiff's allegations do not show that he was unable to communicate by other means.[3] Accordingly, the Court dismisses Plaintiff's § 1983 claim for violation of his First Amendment right to freedom of speech.

## B. Fourth Amendment Claim Under 42 U.S.C. § 1983

To state a claim for a violation of the Fourth Amendment under § 1983, a plaintiff must allege facts showing that the government intentionally and unreasonably seized the plaintiff. *See Brower v. County of Inyo*, 489 U.S. at 596-97 (1989) (holding that a Fourth Amendment seizure occurs only when there is a governmental termination of freedom of movement through means intentionally applied (emphasis omitted)). The allegations in Plaintiff's Complaint, even when construed liberally, do not demonstrate a seizure—let alone an unreasonable seizure.

---

[3] Plaintiff also alleges that Fonseca lied to him about his case. Plaintiff does not explain the nature of the lie, or the connection between any constitutionally protected speech and the alleged lie. That allegation is therefore insufficient to sustain Plaintiff's § 1983 claim for violation of his First Amendment right to freedom of speech.

Accordingly, the Court dismisses Plaintiff's § 1983 claim for violation of his Fourth Amendment rights.[4]

## CONCLUSION

The Court GRANTS Defendants' Motion for Judgment on the Pleadings (ECF 11). If Plaintiff believes he can cure the deficiencies in his Complaint identified in this Order, he may file an amended complaint by June 18, 2024. If Plaintiff does not timely file an Amended Complaint by that deadline, the Court shall enter Judgment dismissing this case without prejudice.

**IT IS SO ORDERED.**

DATED this 28th day of May, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[4] In his Response, Plaintiff asserts additional facts, including facts involving parties not named in his Complaint, and raises additional arguments under statutes not referenced in his Complaint. A plaintiff cannot, however, assert additional facts in response a Rule 12(c) motion for judgment on the pleadings. *See, e.g.*, *Egelhoff v. Pac. Lightwave*, 2013 WL 12132025, at *2 (C.D. Cal. June 14, 2013) ("[D]etermination of a Rule 12(c) motion is limited to consideration of the facts contained in the four corners of the complaint." (citing *Cafasso*, 637 F.3d at 1053)); *see also Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (so stating regarding a motion to dismiss); *Johnson v. Liberty Mut. Ins.*, 2013 WL 415585, at *2 (N.D. Cal. Jan. 31, 2013) (declining to consider new factual allegations in a *pro se* opposition to a motion to dismiss). Nor may a plaintiff "effectively amend his Complaint by raising a new theory in response to a dispositive motion." *Cloud Found. v. Haaland*, 2024 WL 1991552 (D. Or. Apr. 12, 2024) (cleaned up) (quoting *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010)).