IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KHALID CALDWELL SAT**,<br><br>       Plaintiff,<br><br>       v.<br><br>**MIKE SCHMIDT, NIKOLAS MATIATOS, and MARISA FONSECA**,<br><br>       Defendants. | Case No. 3:23-cv-1546-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

      Plaintiff Khalid Caldwell Sat, representing himself, has sued Multnomah County District Attorney Mike Schmidt, Deputy District Attorney Nikolas Matiatos, and Operations Supervisor Marisa Fonseca (collectively, "Defendants"). Plaintiff asserts claims under 42 U.S.C. § 1983, alleging violations of his rights under the First and Fourth Amendments. Defendants previously moved for judgment on the pleadings, which the Court granted but gave Plaintiff leave to amend. ECF 19.

      Plaintiff timely filed an Amended Complaint. ECF 20. He continues to allege his claims under § 1983 and has added claims under the Victims' Rights and Restitution Act (VRRA), 34 U.S.C. § 20141, and the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771. Now before the

Court is Defendants' Motion for Judgment on the Pleadings against Plaintiff's Amended Complaint. ECF 21. For the reasons stated below, the Court finds that even under the liberal pleading standards afforded a self-represented (or *pro se*) litigant, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court grants Defendants' motion without leave to amend and dismisses this case with prejudice.

## STANDARDS

### A. Motion for Judgment on the Pleadings Under Rule 12(c)

A motion for judgment on the pleadings is brought under Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)). Thus, in a Rule 12(c) motion a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Dismissal for failure to state a claim under Rule 12(b)(6) "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In addition, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Cafasso, United States ex rel. v.*

*Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (*Iqbal* standard applies to review of Rule 12(c) motions).

"[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend and to simply grant dismissal of the action instead of entry of judgment." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citation omitted). Indeed, in *Harris v. County of Orange*, the Ninth Circuit affirmed a district court's dismissal under Rule 12(c) but reversed for failing to grant leave to amend. 682 F.3d 1126, 1131, 1134-35 (9th Cir. 2012). Under Rule 15(a), courts should "freely" grant leave to amend "when justice so requires," *i.e.*, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). A court should grant leave to amend "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation marks omitted).

**B.  *Pro Se* Pleading Standard**

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of*

PAGE 3 – ORDER

*Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff alleges that he was the victim of a "hit and run" accident that caused him to suffer mental health issues, damaged his personal property, and gave rise to a criminal case currently being prosecuted by the Multnomah County District Attorney. ECF 20 at 3. Plaintiff's claims in this lawsuit arise from alleged events relating to his efforts to communicate with Defendants D.A. Schmidt and Deputy D.A. Matiatos. Plaintiff alleges that when he called to speak with someone at the District Attorney's office about the related criminal case, Fonseca "lie[d]" to him about the case, after which he complained to the District Attorney's office about Fonseca. *Id.* at 3-4.

Plaintiff also alleges that he attempted to contact the District Attorney's office but that they did not want to speak to him, and that Fonseca "block[ed]" his number and told him that he could communicate in writing. *Id.* at 4, 10. Plaintiff alleges that he has attempted to contact D.A. Schmidt about the criminal case and that neither D.A. Schmidt nor anyone else in his office would speak with Plaintiff. *Id.* at 4. Plaintiff adds that he went to the District Attorney's office and that Fonseca called the "Sheriff[]" who came and that Plaintiff left this "public government building" peaceably but "under threat of arrest." *Id.* Plaintiff further alleges that he called the victims' assistance program, but they did not help him. *Id.*

PAGE 4 – ORDER

Plaintiff alleges that as a result of these events, he suffered a mental health breakdown and needed to call a suicide prevention hotline. *Id.* Plaintiff does not request any specific relief in his Amended Complaint but his original Complaint asked the Court to "give [him his] rights back" and "hold[] [Defendants] accountable." In his original Complaint, Plaintiff also sought money damages for pain and suffering, including emotional distress. ECF 1 at 5.

## DISCUSSION

The Court liberally construes Plaintiff's claims. Even considering Plaintiff's original Complaint along with his Amended Complaint and liberally construing these pleadings, Plaintiff has not adequately stated a claim.

**A.  First Amendment Claim Under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The First Amendment prohibits government actors from "abridging the freedom of speech." U.S. Const. amend. I. Government officials violate an individual's First Amendment rights if, among other things, they retaliate against the individual for engaging in protected speech. *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019). To state a claim for First Amendment retaliation, a plaintiff must allege:

> (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

*Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016) (quotation marks omitted).

Plaintiff has not identified a constitutionally protected activity in which he engaged and for which any Defendant subjected him to an adverse action. There is no constitutional right to speak to a prosecuting attorney, nor does Plaintiff allege any act by Defendants that interfered with Plaintiff's speech. Plaintiff also does not allege that any Defendant prevented him from communicating with anyone in the District Attorney's office, at least in writing: Plaintiff alleges that Fonseca told Plaintiff to communicate only in writing, but, as the Supreme Court explained, "the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981). Plaintiff's allegations do not show that he was unable to communicate by other means.

Plaintiff also alleges that Fonseca "lied" to Plaintiff by saying that his case was "pending and in 20 percent," ECF 20 at 3, and that she also lied to him "about [his] case process," *id.* at 8. Plaintiff does not explain the connection between any constitutionally protected speech and the alleged lie coming from the District Attorney's office. Accordingly, the Court dismisses Plaintiff's § 1983 claim for violation of his First Amendment right to freedom of speech.

**B. Fourth Amendment Claim Under 42 U.S.C. § 1983**

As relevant to Plaintiff's intended claim, as the Court construes its, to state a claim for a violation of the Fourth Amendment under § 1983, a plaintiff must allege facts showing that the government intentionally and unreasonably seized the plaintiff. *See Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989) (holding that a Fourth Amendment seizure occurs only when there is a governmental termination of freedom of movement through means intentionally applied). The allegations in Plaintiff's Amended Complaint, even when construed liberally, do not show any such seizure—let alone an unreasonable one. Plaintiff alleges that he was escorted out of a

public building under threat of arrest. Accordingly, the Court dismisses Plaintiff's § 1983 claim for violation of his Fourth Amendment rights.

## C. Victims' Rights Act Claims

Plaintiff alleges that Defendants have violated his rights as a crime victim under the VRRA, 34 U.S.C. § 20141, and the CVRA, 18 U.S.C. § 3771. The VRRA, however, "does not create a cause of action or defense in favor of any person arising out of the failure of a responsible person to provide information." 34 U.S.C. § 20141(d). Specifically, the VRRA does not create a private right of action for a plaintiff to sue when they have been deprived of information, as Plaintiff alleges here. *Cf. United States v. McVeigh*, 106 F.3d 325, 335 (10th Cir. 1997) ("[T]he [VRRA], which explicitly denies any private cause of action, does not grant standing to seek review of orders relating to matters covered by the Act."). Additionally, the CVRA only applies to victims of federal crimes. 18 U.S.C. § 3771(e)(2)(A). Plaintiff here was a victim of a state crime, prosecuted by the state District Attorney's office, and therefore cannot state a claim under this statute. Accordingly, the Court dismisses Plaintiff's VRRA and CVRA claims for violations of his rights as a crime victim.

## CONCLUSION

The Court GRANTS Defendants' Motion for Judgment on the Pleadings (ECF 21). The Court has already granted an opportunity to amend, and Plaintiff did not cure the deficiencies in his complaint. Therefore, this case is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 23rd day of September, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge